ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE L. WAWRZYNIAK (CABN 252751)
Acting Criminal Division Chief

GALEN A. PHILLIPS (CABN 307644)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: 415.436.7200
    Fax: 415.436.7234
    Email: Galen.Phillips@usdoj.gov

Attorneys for the United States of America

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 22-146 EJD |
| Plaintiff, | **APPLICATION OF THE UNITED STATES FOR PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| MARK DEHART, | |
| Defendant. | |

    The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this Application of the United States for Issuance of a Preliminary Order of Forfeiture. The property subject to the proposed Preliminary Order of Forfeiture is property seized in the investigation, as follows (hereinafter "the subject property"):

    a.  Two rounds of .22 caliber ammunition (one live and one expended), both manufactured by Federal Cartridge Company (Anoka, MN)

    b.  A privately made short-barreled rifle, chambered for 5.56x45mm ammunition with folding stock adapter, telescoping stock, muzzle device and flashlight, with no serial number, and a barrel length of 8 5/8 inches

    c.  A Polymer80 .22 caliber pistol, privately made firearm with no serial number, loaded

          with (9) .22 caliber rounds

d. An AR style of 5.56 caliber rifle, privately made firearm with no serial number with a barrel length of approximately 16 inches

e. Four (4) firearms silencers, all which lacked serial or registration numbers, specifically described as:

    i. One metal cylindrical device, black in color, approximately 6.06 inches in length, and approximately 1.45 at its major diameter, wrapped in a black electrical-type tape material

    ii. One modified engine oil filter, approximately 8 inches in length, and approximately 3.81 inches at its major diameter

    iii. One modified camp fuel-type, 16-ounce propane tank, black in color, wrapped in a blue micro-fiber-type cloth, approximately 7.75 inches in length, and approximately 3.87 inches at its major diameter

    iv. One modified Bernzomatic-type, 14-ounce propane tanks, approximately 18.75 inches in length, and approximately 2.92 inches at its major diameter

f. Two (2) machinegun conversion device commonly referred to as a Glock Switches

g. All firearm parts found on or about June 29, 2021, at the Wainwright or De La Cruz addresses as described in Santa Clara Police Department Report No. 21-629112, including but not limited to lower or upper receivers, buffer tubes, pistol conversion kits, flare guns, jigs, barrels, optics/sights, and ammunition magazines

h. All ammunition (regardless of caliber) found on or about June 29, 2021, at the Wainwright or De La Cruz addresses as described in Santa Clara Police Department Report No. 21-629112.

**Factual Background**

On December 1, 2022, defendant Mark Dehart, was charged by a Superseding Information with violation of Title 18, United States Code, Section 922(g)(1), Felon in Possession of Ammunition, and Title 26, United States Code, Section 5861(d), Possession of an Unregistered Short-Barreled Rifle. The Superseding Information also sought criminal forfeiture, Title 18, United States Code, Section 924(d),

Title 28, United States Code, Section 2461(c), and Title 26, United States Code, Section 5872(a), and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and of the following property, including but not limited to:

    a. Two rounds of .22 caliber ammunition (one live and one expended), both manufactured by Federal Cartridge Company (Anoka, MN)

    b. A privately made short-barreled rifle, chambered for 5.56x45mm ammunition with folding stock adapter, telescoping stock, muzzle device and flashlight, with no serial number, and a barrel length of 8 5/8 inches

    c. A Polymer80 .22 caliber pistol, privately made firearm with no serial number, loaded with (9) .22 caliber rounds

    d. An AR style of 5.56 caliber rifle, privately made firearm with no serial number with a barrel length of approximately 16 inches

    e. Four (4) firearms silencers, all which lacked serial or registration numbers, specifically described as:

        i. One metal cylindrical device, black in color, approximately 6.06 inches in length, and approximately 1.45 at its major diameter, wrapped in a black electrical-type tape material

        ii. One modified engine oil filter, approximately 8 inches in length, and approximately 3.81 inches at its major diameter

        iii. One modified camp fuel-type, 16-ounce propane tank, black in color, wrapped in a blue micro-fiber-type cloth, approximately 7.75 inches in length, and approximately 3.87 inches at its major diameter

        iv. One modified Bernzomatic-type, 14-ounce propane tanks, approximately 18.75 inches in length, and approximately 2.92 inches at its major diameter

    f. Two (2) machinegun conversion device commonly referred to as a Glock Switches

    g. All firearm parts found on or about June 29, 2021, at the Wainwright or De La Cruz addresses as described in Santa Clara Police Department Report No. 21-629112, including but not limited to lower or upper receivers, buffer tubes, pistol conversion kits,

          flare guns, jigs, barrels, optics/sights, and ammunition magazines

    h.  All ammunition (regardless of caliber) found on or about June 29, 2021, at the Wainwright or De La Cruz addresses as described in Santa Clara Police Department Report No. 21-629112.  Dkt. 66.

On December 6, 2022, defendant Mark Dehart, pled guilty pursuant to a plea agreement to Counts 1 and 2 of the captioned Superseding Information namely, Felon-in-Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(1) and Possession of an Unregistered Short-Barreled Rifle, in violation of Title 26, United States Code, Section 5861(d).  The defendant further agreed that the subject property was involved in or used in the offenses, and thus is forfeitable to the United States pursuant to the provisions of Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461, and Title 26, United States Code, Section 5872, and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853. Dkt. 71.

The accompanying proposed Preliminary Order of Forfeiture is requested to complete the forfeiture process.

**Basis for a Preliminary Order of Forfeiture**

Rule 32.2 of the Federal Rules of Criminal Procedure addresses criminal forfeiture procedure. Rule 32.2(b)(1)(A) provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute.  If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay.

Rule 32.2(b)(1)(B) provides that the court's determination may be based on evidence already in the record, "including any written plea agreement[.]" If the forfeiture is not agreed to but rather contested, the court may determine the nexus of the specific property to the offense based on evidence or information before the Court or presented by the parties at a hearing after the verdict or finding of guilt.

1	Rule 32.2(b)(2) states that if the court finds that property is subject to forfeiture, it shall enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of the specific property without regard to any third party's interest in all or part of it. As to the interest of third parties, the rule provides that, "Determining whether a third party has such an interest must be deferred until any third-party files a claim in the subsequent ancillary proceeding under Rule 32.2(c)." The ancillary proceeding can be completed once the preliminary order of forfeiture becomes final as to the defendant, upon the court announcing such at sentencing and including it in the judgment, per Rule 32.2(b)(4).

Rule 32.2(b)(3) provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statute governing third-party rights. The court may include in the order of forfeiture any conditions reasonably necessary to preserve the property's value pending any appeal.

Rule 32.2(b)(4) further provides that at sentencing, or at any time before sentencing if the defendant consents, the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and must be included in the judgment.

The United States has established the sufficient requisite nexus between the subject property and the offense. The defendant pled guilty on December 6, 2022, pursuant to a plea agreement to Counts 1 and 2 of the captioned Superseding Information namely, Felon-in-Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(1) and Possession of an Unregistered Short-Barreled Rifle, in violation of Title 26, United States Code, Section 5861(d). Accordingly, the subject property is "involved in" the violation and is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, and Title 26, United States Code, Section 5872, and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853.

**Procedure Following Issuance of Preliminary Order of Forfeiture**

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government website for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Galen A. Phillips, Assistant United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

**Request for Preliminary Order of Forfeiture**

The United States therefore moves this Court to enter the accompanying proposed Preliminary Order of Forfeiture which provides for the following:

    a.   authorizes the forfeiture of the subject property to the United States;

    b.   directs the United States, through its appropriate agency, to seize the forfeited property forthwith;

    c.   authorizes the government to conduct discovery in order to identify, locate, or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

    d.   directs the United States to publish on a government website for at least thirty days, notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct and provide notice that any person, other than the defendant, having or claiming a legal interest in the subject property must file a petition with the Court and serve a copy on government

1 counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier; and

    e.   the Court retains jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: May 30, 2023　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　ISMAIL J. RAMSEY
　　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　　　　　　　　　GALEN A. PHILLIPS
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she caused a copy of the following documents:

- **APPLICATION FOR A PRELIMINARY ORDER OF FORFEITURE;**
- **[PROPOSED] PRELIMINARY ORDER OF FORFEITURE**

to be served this date by CM/ECF Electronic Case Filing Notification upon the person below at the place and address which is the last known address:

| Jay Adam Rorty<br>Law Offices of Jay Rorty<br>501 Mission Street Ste. 10<br>Santa Cruz, CA 95060<br>Attorney for Mark Dehart | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 26th day of May 2023 at San Francisco, California.

_____/S/_____
CHRISTAL AQUINO
FSA REA/Legal Assistant
Asset Forfeiture Unit

CR 22-146 EJD                                          8